IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GEORGE NELSON                                                                 PETITIONER

VERSUS                                            CIVIL ACTION NO. 5:06cv56DCB-JCS

CONSTANCE REESE, Warden;
and RITA A. STANLEY, ICD Officer                           RESPONDENTS

## ORDER

This matter is before the Court on the plaintiff's motion to reconsider [document #14] the Memorandum Opinion and Final Judgment filed July 21, 2006.

"The Federal Rules do not recognize a `motion for reconsideration' *in haec verba."* Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). However, "[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Id. Because the plaintiff's motion was filed more than 10 days after the entry of the judgment, this letter motion is construed as a motion pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. See Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003).

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). In his motion, the plaintiff states that even though he was deported and is no

longer incarcerated, he contends that his constitutional rights were violated and that the "BOP and ICE should be liable for the over incarceration of Mr. Nelson from March 23, 2006, to the date that he was deported."[1] Having considered the arguments presented in the motion, this Court finds that he does not assert any of the grounds required by Rule 60(b). Therefore, this Court determines that there is no reason to alter its previous ruling. It is, therefore,

ORDERED AND ADJUDGED that plaintiff's motion to reconsider [document #14] is denied. It is further,

SO ORDERED AND ADJUDGED this the 25th day of August, 2006.

                                          S/DAVID BRAMLETTE
                                          UNITED STATES DISTRICT JUDGE

---

[1] As stated in the Memorandum Opinion and Order, the petitioner can no longer be granted the relief in sought in the habeas petition, thus the petition was rendered moot. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).